PATTERSON, Judge.
The state appeals from an order suppressing cocaine and marijuana that police officers found in Althonso Lewis’s car. At the suppression hearing, Lewis successfully argued that the facts upon which the' officers decided to stop his car did not rise to the level of probable cause. On appeal, the state contends that an officer may make an investigative stop of any vehicle when the officer reasonably suspects that criminal activity is taking place, and that the facts in this case meet that standard. We agree and reverse.
. The events leading to Lewis’s arrest began at midday on August 21, 1989, when Tampa Police Officer Dinsmore was talking with a confidential informant in Dinsmore’s unmarked unit. Lewis drove by, and the informant pointed him out and told Dins-more that he had purchased cocaine from Le ,s about an hour before. Dinsmore began to follow Lewis to get the car’s license tag number and check its registration.
Dinsmore followed Lewis for about four blocks, and saw him pass what appeared to be a marijuana cigarette to the passenger in the back seat. The passenger smoked the cigarette and handed it back to the driver. Dinsmore testified, based on his experience in observing marijuana transactions, that he believed the cigarette contained marijuana because it was very small and tightly rolled. He also testified that he had never seen people pass around a tobacco cigarette.
Based on his observations, Dinsmore radioed for a marked unit in the area to stop Lewis’s car. The validity of the stop and the arrest which followed turns upon whether Dinsmore’s observations were sufficient to support the stop.[1]
Section 901.151, Florida Statutes (1989), provides:
(2) Whenever any law enforcement officer of this state encounters any person under circumstances which reasonably indicate that such person has committed, is committing, or is about to commit a violation of the criminal laws of this state or the criminal ordinances of any municipality or county, he may temporarily detain such person for the purpose of ascertaining the identity of the person temporarily detained and the circumstances surrounding his presence abroad which led the officer to believe that he *1119 had committed, was committing, or was about to commit a criminal offense.
This standard is subjective; it is interpreted in light of the officer’s knowledge and experience, and it does not require that there be a high probability of guilt. Codie v. State, 406 So.2d 117 (Fla.2d DCA 1981). The legality of a stop depends on the facts within an officer’s knowledge, and reasonable men can differ as to whether the circumstances witnessed by an officer give a foundation to his suspicion. Codie, 406 So.2d at 119.
Officer Dinsmore’s knowledge and experience led him to a reasonable suspicion that the defendant was engaging in criminal activity. Based on that reasonable suspicion, the officers were justified in stopping the defendant’s vehicle to ascertain his identity and investigate the circumstances leading to the reasonable suspicion. When they did so, the officers smelled a strong odor of marijuana and observed a partially-smoked marijuana cigarette in plain view in the vehicle. This gave the officers probable cause to arrest the defendant, and they found the cocaine while searching the car incident to the lawful arrest.
We therefore reverse the order suppressing the cocaine and marijuana and remand the case for further proceedings.
Reversed and remanded.
SCHEB, A.C.J., and FRANK, J., concur.

. At the hearing on the motion to suppress, the state acknowledged that it could not rely on the confidential informant’s tip because Dinsmore testified that he did not rely upon it in deciding to have Lewis’s car stopped.